IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| STEPHEN JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE CITY OF MAYWOOD, MAYWOOD POLICE | ) |
| COMMANDER ELIJAH WILLIS, MAYWOOD | ) |
| POLICE OFFICERS GUZMAN and ADAMIDIS, | ) |
| MAYWOOD POLICE DETECTIVES VARGAS and | ) |
| PORTER, UNKNOWN MAYWOOD POLICE | ) |
| OFFICERS and UNKNOWN MAYWOOD | ) |
| PARAMEDICS. | ) |
| | ) |
| Defendants. | )    JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, STEPHEN JOHNSON, by his attorneys, LOEVY &
LOEVY, complains of Defendants, CITY OF MAYWOOD, MAYWOOD POLICE
COMMANDER ELIJAH WILLIS, MAYWOOD POLICE OFFICERS GUZMAN and
ADAMIDIS, MAYWOOD POLICE DETECTIVES VARGAS and PORTER, UNKNOWN
MAYWOOD POLICE OFFICERS (collectively as "Defendant Officers"),
and UNKNOWN MAYWOOD PARAMEDICS, and states as follows:

### Introduction

1.   This action is brought pursuant to 42 U.S.C.
Section 1983 to redress the deprivation under color of law of
Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2.   This Court has jurisdiction of the action
pursuant to 28 U.S.C. §§ 1331 and 1367.

3.   Venue is proper under 28 U.S.C. § 1391(b).  All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within this judicial district.

**Parties**

4.   Plaintiff, Stephen Johnson, is a 22-year-old resident of Chicago, Cook County, Illinois.

5.   Defendant Maywood Police Commander Elijah Willis is and was at all times relevant to the events at issue in this case, employed by the City of Maywood.

6.   Defendant Maywood Police Officers Guzman and Adamidis are or were at all times relevant to the events at issue in this case, officers employed by the City of Maywood.

7.   Defendant Maywood Police Detectives Porter and Vargas are or were at all times relevant to the events at issue in this case, detectives employed by the City of Maywood.

8.   Defendant Unknown Maywood Police Officers are or were at all times relevant to the events at issue in this case, officers employed by the City of Maywood.

9.   All of the Defendant Officers were at all relevant times acting under color of law and within the scope of their employment.

10.  Defendant Unknown Paramedics are or were paramedics employed by the City of Maywood.  All of the

Defendant Paramedics were at all relevant times acting under color of law and within the scope of their employment.

11. Defendant City of Maywood is an Illinois Municipal Corporation, and is or was the employer of the Defendant Officers and the Defendant Unknown Paramedics.

## Factual Allegations

12. On or about October 29, 2011, Plaintiff was arrested by Maywood Police Officers Adamidis and Guzman.

13. Officer Adamidis took Plaintiff to the Maywood Police Department for booking.

14. Once they arrived at the Maywood Police Department, Officer Adamidis sat Plaintiff in a chair so that he could begin the booking process.

15. Shortly thereafter, Officer Guzman arrived at the Maywood Police Department in what can only be described as an angry rage.

16. Without any provocation from Plaintiff, Officer Guzman attacked Plaintiff, punching him multiple times in the head and face.

17. At one point, Plaintiff saw two Unknown Maywood Paramedics walk by. Plaintiff called out for help but the Defendant Unknown Paramedics ignored his pleas.

18. As a result of this attack, Plaintiff suffered serious injuries to his head, face, and arms, including but not

limited to having his lip split open and one of his front teeth chipped. During the attack, Plaintiff was also fearful for his life.

19. The attack was witnessed by multiple Defendant Officers. Despite the fact that Plaintiff was not resisting in any way and was being injured, none of the Defendant Officers came to his aid.

### Count I -- 42 U.S.C. § 1983
### Excessive Force

20. Each Paragraph of this Complaint is incorporated herein.

21. As described above, the conduct of one or more of the Defendant Officers constituted excessive force in violation of the United States Constitution.

22. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

23. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

24. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Maywood Police Department in that:

a.   As a matter of both policy and practice, the Maywood Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b.   As a matter of both policy and practice, the City of Maywood facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading Maywood Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

c.   Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Maywood Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the City of Maywood and the Maywood Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.   City policy-makers are aware of, condone, and facilitate by their inaction, a "code of silence" in the Maywood Police Department.  Police officers routinely fail to

report instances of police misconduct and lie to protect each other from punishment, and go un-disciplined for doing so; and

       e.   The City of Maywood has failed to act to remedy the patterns of abuse, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

25.  As a result of the Defendant Officers' unjustified and excessive use of force and the City's policy and practice, Plaintiff has suffered injury, including emotional distress.

**Count II -- 42 U.S.C. § 1983**
**Failure to Intervene**

26.  Each Paragraph of this Complaint is incorporated herein.

27.  As described more fully above, one or more Defendant Officers and/or Defendant Unknown Paramedics had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth above had they been so inclined, but failed to do so.

28.  Defendants' actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

29.  As a result of Defendants' failure to intervene, undertaken pursuant to the City's policy and practice as described above, Plaintiff has suffered injury, including emotional distress.

## Count III –- 42 U.S.C. § 1983
### Conspiracy

30.  Each Paragraph of this Complaint is incorporated herein.

31.  As described more fully above, there was an agreement between the Defendants to deprive Plaintiff of his constitutional rights, including but not limited to, the use of excessive force and the denial to Plaintiff of medical care.

32.  Defendants conspired by concerted action to accomplish an unlawful purpose by unlawful means.  In furtherance of this conspiracy, one or more of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

33.  The actions of Defendants were undertaken intentionally, with malice, and reckless indifference to Plaintiff's rights.

34.  As a result of the individual Defendants' conspiracy, undertaken pursuant to the City of Maywood's policy and practice as described above, Plaintiff has suffered injury, including emotional distress.

## Count IV -- 42 U.S.C. § 1983
### Denial of Medical Attention

35.  Each Paragraph of the Complaint is incorporated herein.

36.  As described more fully above, one or more of the Defendant Officers and/or Defendant Unknown Paramedics denied Plaintiff necessary medical attention.

37.  In this manner, the conduct of the individual Defendants was objectively unreasonable and they were deliberately indifferent to Plaintiff's serious medical needs.

38.  Defendants' actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

39.  As a result of this unjustified violation of Plaintiff's rights by the individual Defendants, undertaken pursuant to the City of Maywood's policy and practice as described above, Plaintiff has suffered injury, including emotional distress.

### Count V -- State Law Claim
### Assault and Battery

40.  Each Paragraph of this Complaint is incorporated herein.

41.  As described in the preceding paragraphs, the conduct of one or more Defendant Officers, acting under color of law and within the scope of his employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Plaintiff's bodily injuries.

42.   The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

43.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

44.   As a result of the offensive touching, undertaken pursuant to the City of Maywood's policy and practice as described above, Plaintiff sustained bodily and other injuries, including but not limited to a reasonable apprehension of great bodily harm.

### Count VI –– State Law Claim
### Intentional Infliction of Emotional Distress

45.   Each Paragraph of this Complaint is incorporated herein.

46.   As described more fully above, one or more of the Defendants engaged in extreme and outrageous conduct.

47.   The Defendants either intended that their conduct would cause severe emotional distress to the Plaintiff or else knew that there was a high probability that their conduct would cause severe emotional distress to Plaintiff.

48.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

49.  As a proximate result of this misconduct, Plaintiff suffered injuries, including severe emotional distress.

### Count VII –- State Law Claim
### Conspiracy

50.  Each Paragraph of this Complaint is incorporated herein.

51.  Defendants, acting within the scope of their employment, entered into an agreement to, among other things, improperly subject Plaintiff to excessive force and to improperly deny Plaintiff access to medical care.

52.  Defendants conspired by concerted action to accomplish an unlawful purpose by unlawful means.  In furtherance of this conspiracy, one or more of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

53.  The actions of Defendants were undertaken intentionally, with malice, and reckless indifference to Plaintiff's rights.

54.  As a result of the individual Defendants' conspiracy, undertaken pursuant to the City of Maywood's policy and practice as described above, Plaintiff has suffered injury, including emotional distress.

## Count VIII -- State Law Claim
## Respondeat Superior

55.  Each Paragraph of this Complaint is incorporated herein.

56.  In committing the acts alleged in the preceding paragraphs, the Defendant Officers and Defendant Unknown Paramedics were members and agents of the Maywood Police Department acting at all relevant times within the scope of their employment.

57.  Defendant City of Maywood is liable as principal for all torts committed by its agents.

## COUNT IX -- State Law Claim
## Indemnification

58.  Each Paragraph of this Complaint is incorporated herein.

59.  Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

60.  The Defendant Officers and Defendant Unknown Paramedics are or were employees of the Maywood Police Department who acted within the scope of their employment in committing the misconduct described above.

WHEREFORE, STEPHEN JOHNSON respectfully requests that this Court enter judgment in his favor and against Defendants, THE CITY OF MAYWOOD, DEFENDANT POLICE COMMANDER ELIJAH WILLS, DEFENDANT MAYWOOD POLICE OFFICERS GUZMAN and ADAMIDIS, DEFENDANT MAYWOOD POLICE DETECTIVES PORTER and VARGAS, UNKNOWN MAYWOOD OFFICERS, and UNKNOWN MAYWOOD PARAMEDICS, awarding compensatory damages and attorneys' fees, along with punitive damages against the DEFENDANT OFFICERS in their individual capacities, as well as any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff STEPHEN JOHNSON hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,


/S/  Vincenzo Field
Attorneys for Plaintiff


Arthur Loevy
Jon Loevy
Vincenzo Field
LOEVY & LOEVY
312 North May
Suite 100
Chicago, IL 60607
(312) 243-5900