# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3014 | **DATE** | 11/19/2012 |
| **CASE TITLE** | Johnson vs. Village of Maywood, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons below, Defendants' motion to dismiss [23] is respectfully denied. The stay on oral discovery is lifted and all fact discovery may proceed.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

### I. Background

Plaintiff alleges that on or about October 29, 2011, he was arrested by Defendant Maywood Police Officers Adamidis and Guzman. Plaintiff was taken to the Maywood Police Department, and Defendant Adamidis sat Plaintiff in a chair so that he could begin the booking process. "Shortly thereafter, [Defendant] Guzman arrived at the Maywood Police Department in what can only be described as an angry rage." Compl. ¶ 15. "Without any provocation from Plaintiff, [Defendant] Guzman * * * punch[ed] him multiple times in the head and face." Compl. ¶ 16. Plaintiff alleges that he called out for help from two Unknown Maywood Paramedics, but that they "ignored his pleas." Compl. ¶ 17. In addition to the paramedics, "[t]he attack was witnessed by multiple Defendant Officers. Despite the fact that Plaintiff was not resisting in any way and was being injured, none of the Defendant Officers came to his aid." Compl. ¶ 19.

Based on those factual allegations, Plaintiff asserts a variety of claims under federal and state law. In their motion to dismiss, Defendants challenge only the sufficiency of the complaint as to certain Defendants: Commander Willis, Officer Adamidis, Detective Porter, and Detective Vargas. In addition, Defendants argue that the complaint fails to state a claim for conspiracy under federal or state law (Counts III and VII) against any defendant.

### II. Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss is not to decide the merits of the case; a Rule 12(b)(6) motion tests the sufficiency of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes as true all factual allegations in Plaintiff's complaint and draws all reasonable inferences in his favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, the claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds

**STATEMENT**

upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *cf. Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir. 1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole.").

### III.   Analysis

#### A.   Plaintiff Has Stated Claims Against All Named Defendants

Defendants argue that the complaint fails to allege that Commander Willis, Officer Adamidis, Detective Porter, and Detective Vargas "had any interaction with Plaintiff that led to a deprivation of his constitutional rights." Accordingly, Defendants conclude, Plaintiff has failed to state a federal claim under 42 U.S.C. § 1983 against these Defendants and they should be dismissed from the case.

Defendants are correct that "[a]n *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); see also *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008); *Townsend v. Fuchs*, 522 F.3d 765, 775 (7th Cir. 2008). In this case, however, Plaintiff has alleged with sufficient factual detail that each of the Defendants "caused or participated in an alleged constitutional violation."

Plaintiff's complaint begins by collectively defining Commander Woods, Officer Guzman, Officer Adamidis, Detective Porter, and Detective Vargas as "Defendant Officers." In paragraph 19, the complaint asserts that Defendant Guzman's "attack was witnessed by multiple Defendant Officers" and that "none of the Defendant Officers came to his aid." Instead of drafting paragraph 19 as he did, Plaintiff could have made identical factual allegations in five separate paragraphs, alleging one-by-one that each Defendant witnessed or participated in the attack and failed to come to his aid. Plaintiff could have done so, but he was not required to. He was only required to put each Defendant on notice by providing a "short and plain statement" showing that he is entitled to relief. The same factual allegations underlie Plaintiff's state law claims, and they are sufficient to put each named Defendant on notice of those claims as well.

In the alternative, Defendant moves for a "more definite statement" of the allegations against each Defendant. See Fed. R. Civ. P. 12(e). A defendant can move for a more definite statement under Rule 12(e) where a "pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). Motions under Rule 12(e) are generally disfavored and courts should grant such motions only if complaint is so unintelligible that the defendant cannot draft responsive pleading. *555 M Mfg., Inc. v. Calvin Klein, Inc.*, 13 F. Supp. 2d 719, 724 (N.D. Ill. 1998); *Moore v. Fidelity Financial Services, Inc.*, 869 F.Supp. 557, 559–560 (N.D. Ill. 1994); 5C Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 1377, at 336 (3d ed. 2004). As the Court has already described, the complaint in this case is far from "unintelligible"; it provides a concise statement of Plaintiff's claims against each Defendant. At this

stage, no more is required.

### B. Plaintiff's Conspiracy Claims Are Sufficiently Pled

Defendants have moved to dismiss Plaintiff's federal and state conspiracy claims (Counts III and VII) in their entirety. Defendants believe dismissal is required for two reasons. First, Defendants argue that Plaintiff's conspiracy claims are barred by the intra-corporate conspiracy doctrine. Under that doctrine, "managers of a corporation jointly pursuing its lawful business do not become 'conspirators' when acts within the scope of their employment are said to be discriminatory or retaliatory." *Travis v. Gary Community Mental Health Center, Inc.*, 921 F.2d 108, 110 (7th Cir. 1990) (citing *Dombrowski v. Dowling*, 459 F.2d 190, 196 (7th Cir. 1972)). In *Wright v. Illinois Dept. of Children & Family Servs.*, 40 F.3d 1492, 1507-08 (7th Cir. 1994), the Seventh Circuit extended the doctrine to claims brought under 42 U.S.C. § 1985 against governmental entities. See *Cannon v. Burge*, 2006 WL 273544, at *14 (N.D. Ill. Feb. 2, 2006). The Seventh Circuit has not yet decided whether the inter-corporate conspiracy doctrine applies to conspiracy claims brought under § 1983. Many district courts in this circuit do not apply the intra-corporate conspiracy doctrine to § 1983 claims, see, *e.g.*, *id* (citing cases), but others do, see, *e.g.*, *Mnyogu v. Bourd of Educ. of Rich* Township, 832 F. Supp. 2d 940, 948-49 (N.D. Ill. 2011).

The argument for applying the doctrine in § 1983 cases involving egregious police misconduct is particularly weak:

> The intracorporate conspiracy doctrine was created to shield corporations and their employees from conspiracy liability for routine, collaborative business decisions that are later alleged to be discriminatory. The conduct plaintiff challenges here does not fit that mold. The decision to frame plaintiff for Cohen's murder, as plaintiff alleges it, is not the product of routine police department decision-making. Rather, it is, as Judge Zagel put it, "a classic charge of conspiracy" in which "a number of officers took concerted action ... to harm a single individual."

*Newsome v. James*, 2000 WL 528475 (N.D. Ill. Apr. 26, 2000) (quoting *Salto v. Mercado*, 1997 WL 222874, at *1 (N.D. Ill. Apr. 24, 1997) and citing *Northern v. City of Chicago*, 1999 WL 342441, at *4 (N.D. Ill. May 17, 1999)); see also *Cannon*, 2006 WL 273544, at *14.

The conclusion that the intra-corporate conspiracy doctrine should not apply in § 1983 cases where "a number of officers [allegedly] took concerted action . . . to harm a single individual" is reinforced by a recent decision from the Seventh Circuit, *Geinosky v. City of Chicago*, 675 F.3d 743 (7th Cir. 2012). In *Geinosky*, the plaintiff alleged that eight Chicago Police Officers violated his equal protection rights by giving him more than twenty illegitimate parking tickets. In addition to his equal protection claim, the plaintiff also alleged a civil conspiracy among the officers. The district court dismissed the plaintiff's constitutional claims and the conspiracy claims that depended on them. The Seventh Circuit reversed, and in allowing the conspiracy claims against the officers to go forward, the Seventh Circuit did not mention the inter-corporate conspiracy doctrine or suggest that there was any general legal bar to a claim that a group of police officers formed a conspiracy to violate a person's constitutional rights. *Id.* at 749-50.

In light of *Geinosky* and the many cases from this district supporting (and repeating) the reasoning in *Newsome* (quoted above), the Court concludes that the inter-corporate conspiracy doctrine does not bar Plaintiff's conspiracy claims.

**STATEMENT**

Defendants' second argument for dismissing Plaintiff's conspiracy claims is more fundamental. Even setting aside the intra-corporate conspiracy doctrine, Defendants believe that Plaintiff has "failed to plead the requisite facts to support a conspiracy claim." Defendants recognize that Plaintiff is not required to make direct allegations of a conspiracy, but can allege circumstances that add up to a "plausible account of a conspiracy." *Id.* at 749. More precisely, at the pleading stage, Plaintiff is only required to "indicate the parties, the general purpose, and approximate date of the agreement to form a conspiracy so that the defendant has notice of the charges against him." *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 517 (7th Cir. 2007).

In this case, Plaintiff has met that standard. The parties, purpose, and approximate date of the agreement to form a conspiracy are sufficiently clear to put Defendants on notice. The parties are the Defendants who are alleged to have participated in or witnessed the alleged unprovoked attack without intervening or otherwise coming to Plaintiff's aid. The purpose was to allow the Defendant Officers to act abusively without fear of punishment. Compl. ¶ 24. As for the approximate date of the agreement, Plaintiff alleges an agreement to uphold a "code" that resulted in Defendants' failure to intervene. The claim is thus simply that, sometime before Plaintiff's alleged beating, Defendants agreed to turn a blind eye to abuse of individuals in custody. The Court certainly does not vouch for Plaintiff's claims, but they are sufficient, at this stage, to survive a motion to dismiss.

As *Geinosky* explained, "if several members of the same police unit allegedly acted in the same inexplicable way against a plaintiff on many different occasions, we will not dismiss a complaint for failure to recite language explicitly linking these factual details to their obvious suggestion of collusion." 675 F.3d at 749. The facts in this case are different — Plaintiff does not allege that he was assaulted "on many different occasions" and Defendants' actions are not entirely inexplicable — but, even so, the Court believes that the lesson from *Geinosky* applies. Assuming that discovery bears out the version of events set forth in the complaint – admittedly a big if at this stage of the case – a reasonable jury could conclude that but for collusion among the officers someone would have attempted to restrain Officer Guzman or come to Plaintiff's aid after he was beaten. In other words, based on the factual allegations in the complaint, the suggestion of collusion is sufficiently obvious to state a claim for conspiracy.

**IV.    Conclusion**

Defendants' motion to dismiss [23] is respectfully denied. The stay on oral discovery is lifted and all fact discovery may proceed.